**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3354
_____

LAMAR BROWN,
Appellant

v.

COURTNEY BARRONER; TAMMY FERGUSON; CHRISTOPHER FRANKS;
WILLIAM GERBER; WILLIAM HALL; BOBBI JO SALAMON; DANIEL MYERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:19-cv-00374)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2023

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: April 10, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Lamar Brown appeals after an adverse jury verdict in his prison-civil-rights action. For the reasons that follow, we will affirm the District Court's judgment.

In 2019, Brown initiated a pro se civil rights action in state court, alleging deliberate indifference by prison staff to his mental health needs in violation of 42 U.S.C. § 1983. Defendants removed the case to federal court. The District Court ultimately granted summary judgment for defendants on most of Brown's claims but ordered that his deliberate indifference claim against one defendant, Courtney Baronner, proceed to trial.[1]

Brown's remaining claim was based on allegations that he informed Baronner that he was having thoughts of self-harm and requested to speak to a psychologist, but no support services were provided. The next day, he swallowed about 35-40 pills of Motrin in front of her, after which he was taken to a psychiatric observation cell. Brown claimed that his ingestion of the pills was a suicide attempt and argued that Baronner should have intervened sooner. After a jury trial, where both Brown and Baronner testified about their accounts of the incident, the jury returned a verdict in favor of Baronner. Brown timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] Defendant Baronner's last name was misspelled in Brown's complaint. Although the case caption mirrors the complaint, we use the correct spelling in this opinion.

Brown raises three arguments in his appellate brief. First, he argues the trial court interfered with his ability to present his case when he had to proceed with trial despite lacking access to some of his legal materials. He contends that only some of his legal work was delivered to him when he was moved from SCI-Phoenix to SCI-Dallas in preparation for trial. He maintains that he notified the trial judge about this issue at the parties' pretrial hearing several weeks before the trial, but that the trial judge "still made [him] proceed to trial." Appellant's Br. at 15. The trial court noted this issue at the pretrial hearing and stated that Brown needed to have access to his legal materials for trial. However, Brown did not move to continue the trial because of any missing documents, either in advance of trial or at trial. He also does not describe which legal materials he was missing at trial or how their absence could have affected the outcome of the trial. Accordingly, we can discern no error from the record in the trial court's actions on this issue.

Second, Brown argues that the trial court permitted Baronner to present irrelevant, unauthenticated evidence containing hearsay. He challenges the admission of letters that Baronner claimed Brown wrote and gave directly to her. Brown objected to the admission of some of these letters, but not others, even when the trial court specifically asked him if he had an objection. Baronner argued that they were relevant because they helped to explain why Brown took the pills in front of her, while Brown maintained throughout the trial that he did not write any of the letters. Ultimately, it was up to the

3

jury to determine whether they believed Brown or Baronner's account. Under these circumstances, the District Court did not abuse its discretion in admitting these letters. See United States v. Starnes, 583 F.3d 196, 213-14 (3d Cir. 2009) (reviewing evidentiary rulings for abuse of discretion); Fed. R. Evid. 801(d)(2) (excluding statements of a party-opponent from the definition of hearsay); Fed. R. Evid. 901(b)(1) (providing that evidence can be authenticated by "testimony of a witness with knowledge").

Finally, Brown maintains that the trial court could have continued the trial to provide more time to see if Brown could secure counsel or could have taken other steps to ensure that Brown's rights were protected. Two months before trial, the District Court conditionally granted Brown's request for appointment of counsel and informed him that if counsel could not be found to represent him, he would need to proceed pro se or retain counsel himself.[2] At the parties' pretrial hearing one month before trial, the District Court notified Brown that it had been unable to find a lawyer to take his case, and that it would continue to look for one, but that he would have to proceed pro se if an attorney was not found. Brown acknowledged that he would need to appear pro se if counsel was not secured and stated that he might be able to retain counsel himself. The record does not indicate that Brown requested a continuance to secure counsel at that time, prior to trial, or at trial. Brown contends that the trial court should have continued the case sua

---

[2] Brown argues in his brief that the trial court granted his motion only two weeks before trial, which is inaccurate.

4

sponte or taken some other unidentified action to ensure he got a fair trial. However, the record shows that the trial court consistently ensured that Brown understood what was happening at trial and was aware of his rights. We discern no error in the District Court's actions in this regard.

Accordingly, we will affirm the judgment of the District Court.